IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JANICE WELCH,             ) | |
| )   | |
| PLAINTIFF,          ) | |
| )   | |
| v.                                            ) | CIVIL ACTION NO. |
| )   | 3:09-00668-WHA |
| DOLGENCORP, LLC,         ) | |
| )   | |
| DEFENDANT.      ) | |

**DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S EXPERT DISCLOSURE**

Defendant Dolgencorp, LLC, ("Dolgencorp") respectfully objects to Plaintiff's designation and use of experts in this case and moves the Court to exclude the experts designated by Plaintiff in her Rule 26 expert witness disclosures and enter a protective order prohibiting Plaintiff from requesting or using any evidence beyond the scope of the administrative record, including expert witnesses. In support of this Objection and Motion, Dolgencorp states as follows:

**INTRODUCTION**

Plaintiff Janice Welch filed this action against Dolgencorp claiming that it wrongfully denied her disability benefits under the terms of an ERISA disability insurance plan issued by Unum Life Insurance Company of America ("Unum")[1]. Pursuant to the applicable policy, Unum has discretionary authority to administer claims and determine Plaintiff's eligibility for benefits. Under the relevant case law, the arbitrary and capricious standard of review applies to Unum's determination as to Plaintiff's claim for benefits. ERISA limits the scope of the Court's review under this

---
[1] Plaintiff has since amended her Complaint adding claims against Dolgencorp and adding Unum as a party defendant.

standard to the administrative record at the time the decision regarding Plaintiff's claim for benefits was made. Moreover, even if ERISA permitted the use of expert testimony in this case, which it does not, Plaintiff's expert disclosure failed to comport with the requirements of Rule 26 of the Federal Rules of Civil Procedure as required by the Scheduling Order entered in this case. For these reasons, Dolgencorp objects to Plaintiff's use of any experts in this case and asks the Court to exclude any evidence beyond the scope of the administrative record, including using and obtaining discovery from experts.

## FACTS AND PROCEDURAL HISTORY

Defendant Dolgencorp removed this matter from the Circuit Court of Lee County, Alabama, on July 16, 2009, after Plaintiff filed an Amended ERISA Complaint seeking the payment of long-term disability benefits. *See* Doc. No. 1. On December 15, 2009, Plaintiff filed yet another Amended ERISA Complaint adding Unum as a party defendant and asserting additional ERISA claims against Dolgencorp. *See* Doc. No. 20. Plaintiff sought to recover benefits under the Dollar General Long Term Disability Plan ("the Plan"), which was an insurance policy that Unum issued to Dollar General. In addition, Plaintiff alleged Dollar General violated ERISA by breaching fiduciary duties owed to Plaintiff as a plan participant. *Id.*

The Plan affords discretion to Unum to make claims decisions. The relevant language provides that Unum has "the discretionary authority to make determinations with respect to eligibility for benefits under the Plan and to construe, interpret and enforce the terms of the Plan as they relate to eligibility for benefits." *See* Dollar

General Long Term Disability Plan (hereinafter referred to as "the Plan"), attached hereto as Exhibit A at p. 25 (emphasis added).

The Court, pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, entered a Scheduling Order in this case on November 23, 2009. In Section 8 of the Scheduling Order required Plaintiff by December 15, 2009 to "disclose … the identity of ANY person who may be used at trial to present evidence under Rules 701, 702, 703, or 705 of the Federal Rules of Evidence, *AND* provide the reports of retained experts or witnesses whose duties as an employee of the party regularly involved in giving expert testimony, required by Rule 26(a) of the Federal Rules of 26(a)(2) of the Federal Rules of Civil Procedure." Doc. No. 9 (emphasis added). The Scheduling Order also required the parties to comply fully with all the requirements of Rule 26(a)(2) in regard to the disclosure of expert testimony. *Id*. As demonstrated below, Plaintiff has failed to do so.

On December 15, 2009, Plaintiff served her expert disclosure, attached hereto as Exhibit B, which contained a listing of three experts: Mr. Dudley O. Albright, J. Garth Stauffer, M.D., and Brett S. Starke, DPM. In her disclosure, Plaintiff summarizes and forecasts the purported testimony of these three individuals. Plaintiff expects Mr. Albright to testify that Plaintiff is entitled to long-term disability benefits based on medical records and the language of the Plan, that "Defendants have breached various ERISA fiduciary duties" and that "Defendants failed to supply her with certain documents to which she is entitled." Ex. B. at 1. Plaintiff also suggests that Dr. Stauffer, who apparently treated her, will testify in "accordance with his previous report" that was attached as an exhibit to Plaintiff's Amended ERISA Complaint and that Dr. Starke will give testimony "in accordance with the deposition testimony he gave in

3

Plaintiff's workers' compensation case in Lee County Circuit Court." *Id*. at 2. As part of her disclosures, Plaintiff also provided Defendant with a copy of a curriculum vitae of Mr. Dudley O. Albright. However, Plaintiff did not provide or produce an expert report for any of the three experts. *Id.*

To the extent that Plaintiff seeks to offer any testimony of any kind or any report, records or information from Drs. Stauffer, Starke and Mr. Albright, Plaintiff's efforts constitute an attempt to introduce inadmissible evidence that is outside the scope of the administrative record in this case and is contrary to the requirements of the Federal Rules of Civil Procedure. Additionally, Plaintiff's failure to adhere to the requirements of Rule 26(a)(2) of the Federal Rules of Civil Procedure renders her expert disclosures ineffective.

## ARGUMENT

1. **Plaintiff's Expert Disclosures Are Inappropriate Because They Attempt to Introduce Inadmissible Evidence Outside the Scope of the Administrative Record in this Case.**

Based upon the applicable standard of review, Dolgencorp objects to Plaintiff's use of the designated experts. Dolgencorp also moves the Court for: (1) an order which excludes the experts designated by Plaintiff, and (2) a protective order which prohibits Plaintiff from requesting or using any testimony, any documents, and any other evidence not contained in the administrative record at the time a claims decision was made.

When an ERISA plan gives an administrator or a claims fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan, courts review the denial of benefits to the plaintiff under the arbitrary and capricious standard. *Doyle v. Liberty Life Assur. Co.*, 2008 WL 4272748 (11th Cir. Sept. 18, 2008) (applying

4

arbitrary and capricious standard of review based on documents in the administrative record); *Paramore v. Delta Air Lines, Inc.*, 129 F.3d 1446, 1451 (11th Cir. 1997) (stating that "where an ERISA plan grants discretion to a plan administrator to interpret the express terms of the plan or to determine eligibility for benefits, we review both the administrator's construction of the plan and concomitant factual findings with respect to each case under an arbitrary and capricious standard of review."); *see also Lee v. Blue-Cross/Blue-Shield of Alabama*, 10 F.3d 1547 (11th Cir. 1994).  ERISA limits the review of the administrator's claims decision under this standard to the administrative record at the time of the decision.  *Id.* at 1550 ("Application of the arbitrary and capricious standard requires us to look **only to the facts known to the administrator at the time the decision was made** to deny Lee coverage.") (emphasis added); *see also Buckley v. Metropolitan Life*, 115 F.3d 936, 941 (11th Cir. 1997) ("In reviewing a termination of benefits under the arbitrary and capricious standard, the function of a reviewing court is to discern whether there was a reasonable basis for the decision, relying on the facts known to the administrator at the time the decision was made."); *Wilcox v. Standard Ins. Co.*, 340 F. Supp. 2d 1266, 1282 (N.D. Ala. 2004) (denying plaintiff's request to submit additional information because the court's review "is limited to the information before the plan administrator at the time the decision was made to terminate plaintiff's LTD benefits and through the administrative appeals process.").

The language of Dollar General's Long Term Disability Plan in this case clearly gives Unum discretionary authority to administer claims and make claims decisions. "**Unum**" has "**the discretionary authority** to make determinations with respect to eligibility for benefits under the Plan and to construe, interpret and enforce the terms of

the Plan as they relate to eligibility for benefits." *See* Dollar General Long Term Disability Plan, attached as Exhibit B at 25 (emphasis added).  Similar language triggered the arbitrary and capricious standard of review.  *Lee*, 10 F.3d at 1549-50; *Moon v. American Home Assurance Co.*, 888 F.2d 86, 88-89 (11th Cir. 1989) (citing five cases from different circuits where similar language found sufficient to grant discretionary authority).

With the scope of the Court's review limited to the administrative record, reports and testimony of experts are not admissible unless they were in the administrative record at the time a claims decision was made.  Allowing expert testimony would constitute the consideration of evidence which is clearly prohibited by the Eleventh Circuit.  Based on the scope of review, any such testimony or any other discovery seeking to develop evidence outside the scope of the administrative record would not be reasonably calculated to lead to the discovery of admissible evidence and, thus, would be improper and unnecessary.  FED. R. CIV. P. 26.

Finally, if the Court allows Plaintiff to use experts, Dolgencorp will be compelled to incur the costs of deposing Plaintiff's potential experts and retaining and identifying rebuttal experts on its own behalf.  Such unnecessary costs contradict a primary goal of ERISA.  It has been stated that:

> A primary goal of ERISA was to provide a method for workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously.  *See* 1974 *U.S. Code, Cong. & Admin. News* 4639, 5000.  Permitting or requiring district courts to consider evidence from both parties that was not presented to the plan administrator would seriously impair the achievement of that goal.

*Perry v. Simplicity Engineering*, 900 F.2d 963, 967 (6th Cir. 1990). Allowing expert discovery as to matters outside the administrative record would result in an unnecessarily expensive and inexpedient resolution of this dispute.

In addition, Plaintiff apparently seeks expert testimony regarding at least one of the ultimate issues in this case. Reliance upon expert testimony to accomplish such a task is contrary to Rules 702 and 704 of the Federal Rules of Evidence. *See Craggs Construction Co. v. Federal Ins. Co.*, 2007 WL 1452927 * 1-2 (M.D. Fla. May 15, 2007)(granting Motion to Strike expert testimony which consisted of legal opinions and conclusions regarding an ultimate issues in matter); *see also* Fed.R.Evid. 704 commentary (an expert is not allowed to impede on the role of the court); *Cook v. Sheriff on Monroe County*, 402 F.3d 1092, 1112 (11th Cir. 2005) (stating that "testifying experts may not offer legal conclusions"). Allowing Plaintiff to offer expert testimony regarding the alleged breach(es) of fiduciary duty would only serve the purpose of telling the court what result to reach, which is beyond the purview of expert testimony. See Montgomery v. Aetna Cas. & Sur. Co., 898 F.2d 1537, 1541 (11th Cir. 1990) ("A witness … may not tesify to the legal implications of conduct: the court must be the jury's only source of law."). Plaintiff's counsel is more that capable of advancing Plaintiff's position without the use of expert testimony.

For these reasons, Dolgencorp objects to Plaintiff's designated experts and requests that the Court enter: (1) an order excluding Plaintiff's designated experts; and (2) a protective order which prohibits Plaintiff from using any such experts and also from requesting any testimony, any documents, and any other evidence not contained in the

7

administrative record at the time her claims decision was made and from using such evidence in this case.

> ### 2. **Plaintiff's Expert Disclosures Fail to Comply with Rule 26 of the Federal Rules of Civil Procedure.**

Rule 26 of the *Federal Rules of Civil Procedure* clearly sets forth the information that an expert report must contain, including an admonition that "the report must contain . . . a complete statement of all opinions the witness will express and the basis and reasons for them." *Fed.R.Civ.P.,* Rule 26 (a)(2)(B)(i). The Comments regarding the 1993 Amendments to *Fed.R.Civ.P.,* Rule 26 state that the rule requires an expert to "prepare a detailed and complete written report, stating the testimony the witness is expected to present during direct examination, together with the reasons therefore." Comments, 1993 Amendments to *Fed.R.Civ.P.,* Rule 26. The comments further explain that the obligations set forth therein were designed to reduce the length of or eliminate the need for an expert's deposition. *Id*

Rule 26(a) also requires the expert report to contain a complete statement of all opinions the witness will express and the basis and reasons for them; the data or other information considered by the witness in forming them; any exhibits that will be used to summarize or support them; the witness's qualifications, including a list of publications authored in the previous 10 years; a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and a statement of the compensation to be paid for the study and testimony in the case. *Fed.R.Civ.P.* 26(a)(2).

As demonstrated above, Plaintiff failed to produce any reports for Mr. Albright and Dr. Stauffer. Therefore, Plaintiff's expert disclosures fail to comply with Rule 26(a).

Rule 37(c)(1) of the Federal Rules of Civil Procedures states that if a party fails to provide information as required by Rule 26(a), the party is not allowed to use that information or a witness to supply such evidence on a motion. The Comments regarding the 1993 Amendments to Rule 37(c) state that "the revision provides a self-executing sanction for failure to make disclosures required by Rule 26(a), without need for a motion."[2] *See* Comments, 1993 Amendments to Rule 37(c) of the Federal Rules of Civil Procedure.

Other courts granted motions to strike when faced with similarly deficient expert disclosures. In *Mitchell v. Ford Motor Co.,* 2009 WL 593897 (11th Cir. March 9, 2009), the Eleventh Circuit concluded that the district court did not abuse its discretion when it granted defendant's motion to strike plaintiff's expert's testimony because the expert failed to disclose the bases for his opinion in a timely fashion in his Rule 26(a) report. Citing Rule 37, the court noted that exclusion of a witness is an appropriate sanction for a Rule 26 violation. *Mitchell*, 2009 WL 593897 at * 3.

Likewise, in *Cooper v. Southern Co.*, 390 F.3d 695 (11th Cir. 2004) (overruled on other grounds, *Ash v. Tyson Foods, Inc.*, 546 U.S. 454, 457 (2006)), the Eleventh Circuit noted that, under Rule 26, all parties must disclose expert opinions when directed by the court and that the experts' reports must contain "[a] complete statement of all opinions to be expressed and the basis and reasons therefore." The court also noted that according to Rule 37(c)(1) a party "that without substantial justification fails to disclose information

---

[2] While Rule 37(c) provides a narrow exception if the failure to provide information was substantially justified or harmless, the non-producing party carries this burden of proof. *Stallworth v. E-Z Serve Convenience Store,* 199 F.R.D. 366, 368 (M.D. Ala. 2001). To do so, Plaintiff must prove her failure was an inadvertent omission of the name of a witness known to all parties, a failure to list as a trial witness a person so listed by another party, or that as a pro se litigant she lacked knowledge the requirement. Comments, 1993 Amendments to Rule 37(c). Plaintiff cannot withstand this burden.

required by Rule 26(a) or 26(e)(1) .. is not unless, such failure is harmless, permitted to use as evidence at a trial … any witness or information not so disclosed.'" *Cooper*, 390 F.3d at 728; *see also Romero v. Drummond Co., Inc*., 552 F.3d 1303, 1323 (11th Cir. 2008)(holding that the district court did not abuse its discretion in excluding expert reports after finding that those reports "fail to state an actual opinions about which [the experts] will testify, but instead merely recite the general subject matter of their expected testimony" and that the disclosures "lack any of the substance required by Rule 26(a)(2)(B)").

In *Jenkins v. Aramark Uniform and Career Apparel*, 2001 WL 36106201 (S.D. Ga., March 21, 2001), the United States District Court for the Southern District of Georgia noted that some courts have found that an expert's report "must be sufficiently complete 'that opposing counsel is not forced to depose an expert to avoid ambush at trial'" and holding that plaintiffs were limited in the testimony elicited from the experts to the substance of the expert witness reports. *Id*. at *3; *see also Access for the Disabled v. T.S. Margate Co.*, 2008 WL 2761284 at *1 (S.D. Fla. July 15, 2008)(prohibiting a party, under Rules 26 and 37, from eliciting from its expert at trial any opinion or testimony not previously disclosed in their expert report); *Whetstone Candy Co. v. Nestle USA, Inc., 2003 WL 25686830 at *1 and *3 (M.D. Fla. June 2, 2003)(noting that "an expert report 'must not be sketchy, vague or preliminary in nature" and holding that limiting the expert to those opinions expressed in the report and excluding new opinions was an appropriate sanction under Rule 37(c)); *Williams v. Roberts*, 202 F.R.D. 294, 296-97 (M.D. Ala. 2001) (holding that a court does not abuse its discretion by limiting an expert witness' testimony to what has been timely disclosed and noting that the disclosure rules seeks to

10

"eliminate unfair surprise, avoid prejudice, and allow the opposing party to mount an appropriate response to the expert's possible testimony.").

Plaintiff cannot circumvent the Federal Rules by relying upon her own conclusory statements and forecasts or references to other documents contained in her expert disclosure. *See, e.g., Bloodsworth v. Smith & Nephew*, 476 F.Supp.2d 1348, 1355 (11th Cir. 2006) (holding that party had not met its burden of laying the proper foundation for the admission of the expert testimony where the expert's opinion was unsubstantiated by any facts, explanation or critique); *see also Cohlmia v. Ardent Health Services*, 254 F.R.D. 426, 430 (N.D. Okla. 2008)(striking expert reports that offered opinions but no reasons and bases for those opinions after noting that "[t]o satisfy Federal Rule of Civil Procedure 26(a)(2)(B) the report must provide substantive rationale in detail with respect to the basis and reasons for the proferred opinions. It must explain factually why and how the witness has reached them.").

As noted above, Plaintiff did not provide any expert reports in connection with her expert disclosures. Therefore, Plaintiff's deficient expert disclosure clearly violates Rules 16(f)(1)(C) and 26(a)(2)(B) of the Federal Rules of Civil Procedure. Pursuant to Rule 37, Plaintiff's expert disclosure should be stricken.

3. **Defendant's Expert Disclosure Deadline**

This Court's Scheduling Order, which was entered prior to Unum being added as party defendant, set forth a deadline of January 5, 2010, for Defendant Dolgencorp to provide an expert disclosure[3]. If this Court ultimately finds that evidence outside of the scope of the administrative record will be admissible at trial, then Dolgencorp requests an

---

[3] Unum has not yet entered an appearance in this case. However, counsel for Dolgencorp anticipates that once Unum appears it may seek a general extension of all of remaining deadlines in this case.

11

order allowing it additional time to identify its expert witnesses outside the administrative record on its own behalf. Dolgencorp respectfully requests that the Court extend Defendant's expert disclosure deadline to a period of thirty days after the Court rules on Defendant Dolgencorp's Motion to Strike. The requested extension will not cause undue delay or otherwise affect the resolution of this case, as the discovery deadline is not until March 19, 2010.

WHEREFORE premises considered, Defendant Dolgencorp, LLC respectfully requests that this court strike Plaintiff's Expert Disclosures and enter a Protective Order which prohibits Plaintiff from requesting or using any testimony, any documents, and any other evidence not contained in the administrative record at the time a claims decision was made.

Respectfully submitted,

/s/ T. Scott Kelly
Timothy A. Palmer (PAL-009)
T. Scott Kelly (KEL-053)
Ogletree, Deakins, Nash, Smoak
    & Stewart, P.C.
One Federal Place
1819 5th Avenue North, Suite 1000
Birmingham, AL  35203-2118
Telephone:  (205) 328-1900
Facsimile:  (205) 328-6000
tim.palmer@ogletreedeakins.com
scott.kelly@ogletreedeakins.com

 **ATTORNEYS FOR DEFENDANT DOLGENCORP, LLC**

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of January, 2010, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Thomas M. Eden, III and Robert Meadows.

/s/ T. Scott Kelly
Of Counsel