IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JANICE WELCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 3:09cv668-WHA |
| | ) | |
| DOLGENCORP, LLC and UNUM LIFE | ) | (wo) |
| INSURANCE CO. OF AMERICA, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**
**I.  FACTS AND PROCEDURAL HISTORY**

This cause is before the court on several pending motions, including a Motion to Strike

Plaintiff's Expert Disclosure (Doc. #24) filed by Dolgencorp, LLC ("Dolgencorp"); a Motion to

Supplement Expert Witness Disclosure filed by Janice Welch ("Welch") (Doc. #32); a Motion to

Dismiss or in the Alternative to Stay Proceedings, filed by Dolgencorp (Doc. #36); a Motion to

Remand Benefit Claim, filed by Welch (Doc. #41); a Motion to Strike UNUM Life Insurance

Company of America's Response, filed by Welch (Doc. #56); and a Motion to Strike Paragraphs

of a Declaration of Michelle Latham, filed by Welch (Doc. #57).

The Plaintiff originally filed a Complaint in this case in the Circuit Court of Lee County,

Alabama bringing claims against Dollar General Corporation and Robin Chadwick.  The

Plaintiff brought claims for workers' compensation benefits against her employer Dollar General

Corporation, and claims for fraud, and outrageous conduct, arising from an injury she contended

was work-related.

The Circuit Court of Lee County determined that Welch failed to prove she suffered

injuries as a result of an accident arising out of and in the course of her employment.  Welch was

then allowed to file an Amended Verified ERISA Complaint.   In the First Amended Verified ERISA Complaint, Welch alleged that she had attempted to claim benefits using service numbers listed in a summary plan description provided to her by Dollar General, but was told that she was not eligible for benefits.  Doc. #1, Ex. F, page 4.

Dollar General Corporation and Robin Chadwick filed a Notice of Removal in this court on July 16, 2009, removing the case on the basis of subject matter jurisdiction over the ERISA claim.  No motion to remand was filed at that time.   Welch and the Defendants then filed a stipulation of dismissal of all state claims as against Robin Chadwick, and Robin Chadwick was dismissed as a defendant.

In December 2009, Welch filed a Motion for Leave to File an Amended Complaint, and a Motion to Modify the Motion for Leave to File an Amended ERISA Complaint.  This court allowed the Amendment by Order on December 10, 2009, but denied the Motion to Modify the Motion for Leave to File.   The Amended ERISA Complaint named Dolgencorp, LLC (Dollar General) as a Defendant and added UNUM Life Insurance Company ("UNUM") as a Defendant. In the Amended ERISA Complaint, Welch alleged that she was provided documents on July 16, 2009 which indicated that a group insurance policy was issued by UNUM to insure the long-term disability benefits plan.

Welch filed with UNUM a written claim for long-term disability benefits on December 31, 2009.  No claim determination has been made, at least of which this court was aware, at the time of this Memorandum Opinion and Order.

The first of the motions currently pending before this court, Dolgencorp's Motion to Strike, was filed on January 4, 2010 (Doc. #24).  In that motion, Dolgencorp contends that the

experts designated by Welch are not allowed because this court's review of a benefits determination is limited to the administrative record.  On January 19, 2010 (Doc. #32), Welch filed a Motion to Supplement Expert Witness Disclosure.

On January 22, 2010, Dolgencorp filed Motion to Dismiss Without Prejudice or to Stay Proceedings to Permit UNUM Life Insurance Company of America to Conclude its Administrative Review (Doc. #36), which was later joined in by UNUM (Doc. #46).  In response to the Motion to Dismiss, the Plaintiff filed her Motion to Remand Benefit Claim (Doc. #41), stating that if, as the Defendants contend, her administrative remedies are not exhausted, her claim should be remanded.  She subsequently clarified her motion as seeking remand only of the benefit claim brought against Dolgencorp. (Doc. #47).

Having been given the opportunity to do so by Order of the court, (Doc. #42), UNUM filed a response and opposition to the Motion to Remand.  Welch filed a Motion to Strike this response for lack of standing (Doc. #56).  Welch also moved to strike various portions of an affidavit submitted by Dolgencorp in opposition to the Plaintiff's Motion to Remand (Doc. #57).

## II.  <u>MOTION TO REMAND STANDARD</u>

Federal courts are courts of limited jurisdiction.  *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (1994); *Wymbs v. Rep. State Ex. Comm'ee*, 719 F.2d 1072, 1076 (11th Cir. 1983), *cert. denied*, 465 U.S. 1103 (1984).  As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States.  *See Kokkonen*, 511 U.S. at 377.  Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear.  *See Burns*, 31 F.3d at 1095.

### III.  DISCUSSION

Removal of a case to federal court is only proper if the case originally could have been brought in federal court.  *See*  28 U.S.C. § 1441(a).   There being ERISA claims on the face of the Amended ERISA Complaint which was removed from the Circuit Court of Lee County to this court, there is no question that the court has subject matter jurisdiction.  *See Lanfear v. Home Depot, Inc.*, 536 F.3d 1217, 1221 (11th Cir. 2008) ("When a plaintiff makes a plausible argument that a federal statute creates his right to relief, the district court has subject-matter jurisdiction over that complaint.").   Furthermore, subject matter jurisdiction exists because of the ERISA claims brought against UNUM after removal.  *See Connecticut State Dental Ass'n v. Anthem Health Plans, Inc*., 591 F.3d 1337, 1345 n.5 (11th Cir. 2009) ("Because the plaintiffs had amended their complaint after removal to add an ERISA claim, this Court had jurisdiction over the claim regardless of whether the original claims were completely preempted and removal was improper.").  Even though this case may ultimately present a factual dispute as to how many ERISA plans are involved, and the interaction of certain plan documents, this court has subject matter jurisdiction over claims for violation of ERISA, and the Motion to Remand is due to be DENIED.

With respect to the Motion to Dismiss or Alternative Motion to Stay, Welch acknowledges that the claim she asks this court to remand is an ERISA claim, but contends that this one claim should be remanded because failure to exhaust administrative remedies means that the claim was not ripe for removal.

Welch's primary authority for her argument is *Mason v. Continental Group, Inc.*, 763 F.2d 1219 (11th Cir. 1985),[1] which certainly holds that administrative remedies must be exhausted before a claim is brought in federal court, but does not support the remedy of severing a single ERISA claim and remanding it to state court, which has been proposed by Welch in this case.  In *Mason*, the plaintiffs filed suit without making any effort to resolve their claims through the available grievance procedures, and the Eleventh Circuit affirmed a grant of summary judgment for failure to exhaust administrative remedies.  *Id.* at 1223, 1227.

This is not a case where no claim for benefits was made.  Instead, Welch alleges that she made a claim for benefits from Dollar General, which she thought was the proper procedure, and was denied benefits.  Welch then made a claim for benefits under the UNUM policy, of which she alleges she had no knowledge at the time this suit was filed, and that determination has not yet been made.  Clearly, in this ERISA case, the court has subject matter jurisdiction, but the court cannot review a benefits determination that has not yet been made.

The Eleventh Circuit has indicated to courts that in cases in which a benefits claim process was begun, but the letter rendering the benefits decision is insufficient, courts are to send the case back to the benefits determination process before proceeding.  *See, e.g., Counts v. Am. Gen. Life and Accident Ins. Co.*, 111 F.3d 105, 108 (11th Cir.1997).   This case presents an analogous situation insofar as a benefits determination process has begun, and must be concluded, before there is a determination for the court's review.   The court agrees with the

---

[1] Welch further relies on *Bauknight v. Monroe Co., Fla.*, 446 F.3d 1327 (11th Cir. 2006), but that case does not provide the framework for analysis for an ERISA case because it involved exhaustion requirements in state court litigation before bringing federal takings clause claims.

Defendants, therefore, that the proper course is to allow for the benefits determination process to conclude before continuing with this case.  Rather than dismiss Welch's Complaint, however, particularly in light of her apparent contention, which is disputed by the Defendants,[2] that she exhausted the benefits claim procedure with respect to a separate Dollar General plan, the court concludes that a stay of this case is the better alternative.  *See Michael v. American Intern. Group, Inc.*  No. 4:05cv02300, 2006 WL 5736351, *1 (E.D.Mo. June 20, 2006) (stating, "where a claimant has prematurely filed suit, a court may stay proceedings to allow the claimant to complete the administrative review process."); *Schaffer v. Prud. Ins. Co. Of Am.*, 301 F. Supp. 2d 383, 387 (E.D. Pa. 2003) (district court stayed case so that plaintiff could pursue additional administrative remedies).  Accordingly, the court concludes that the Defendants' alternative Motion to Stay Proceedings to Permit UNUM Life Insurance Company of America to Conclude its Administrative Review is due to be GRANTED.

As to the issues raised by Welch and Dolgencorp in motions regarding expert disclosure, because there has been no final benefits determination by UNUM, the court cannot determine whether expert testimony will be properly considered by this court in reviewing any benefits determination.  Therefore, the court will allow Welch's disclosure, but will entertain any motion that might be relevant as to expert evidence should such motion be filed at the appropriate time,

---

[2]  Welch has moved to strike UNUM's response to the motion to remand for lack of standing because she only seeks, as she clarified in a later filing, to remand the claim against Dolgencorp.  Having ordered the parties to respond before Welch clarified the scope of her motion, however, the court has considered this brief.  *See* Doc. #42.  The court has not considered the evidence submitted by UNUM which is subject to the motion to strike, it being unncessary to the resolution of the issues presented.

once the stay in this case has been lifted.  Similarly, the court will deny Welch's motion to supplement at this time, without prejudice to it being re-filed after the stay is lifted.

## **IV**. **CONCLUSION**

For the reasons discussed, it is hereby ORDERED as follows:

1.  The Motion to Strike Plaintiff's Expert Disclosure (Doc. #24) is DENIED, without prejudice to being raised again, either as a motion to strike, or an evidentiary motion, filed at an appropriate time after the stay imposed in this case has been lifted.

2.  The Motion to Supplement Expert Witness Disclosure filed by Janice Welch (Doc. #32) is DENIED, without prejudice to being filed at an appropriate time after the stay imposed in this case has been lifted.

3.  The Motion to Remand Benefit Claim by Janice Welch (Doc. #41) is DENIED.

4.  The Motion to Strike UNUM Life Insurance Company of America's Response, filed by Janice Welch (Doc. #56) is DENIED.

5.  The Motion to Strike Paragraphs of a Declaration of Michelle Latham, filed by Janice Welch (Doc. #57), not having been considered by the court in resolving the other pending motions, is DENIED as moot.

6.  The Motion to Dismiss is DENIED, but the the Alternative to Stay Proceedings (Doc. #36) is GRANTED.

This case is STAYED pending the conclusion of UNUM Life Insurance Company of America's administrative review of Janice Welch's benefits claim.

The parties are DIRECTED to file a joint status report at the expiration of 60 days from the date of this Memorandum Opinion and Order or, within 10 days of the conclusion of UNUM

Life Insurance Company of America's administrative review of Janice Welch's claim, whichever event occurs first.

DONE this 5th day of March, 2010.

/s/ W. Harold Albritton

W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE