IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JANICE WELCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No 3:09cv668-WHA |
| | ) | |
| DOLGENCORP, LLC, | ) | (WO) |
| | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This case is before the court on a Motion for Summary Judgment (Doc. #93), filed by the Plaintiff Janice Welch, and a Motion for Summary Judgment filed by Dolgencorp, LLC ("Dollar General") (Doc. #94), both filed on February 24, 2011; a Motion to Strike filed by the Plaintiff on March 10, 2011 (Doc. #107); and the Defendant's Motion to Strike the Motion to Strike (Doc. #116).[1]

The Plaintiff, Janice Welch ("Welch"), originally filed a Complaint in this case in the Circuit Court of Lee County, Alabama. The Plaintiff brought claims for workers' compensation benefits against her employer; and claims for fraud; and outrageous conduct, arising from an injury she contended was work-related.

The Circuit Court of Lee County determined that Welch failed to prove she suffered

---

[1] The Defendant moved to strike the Plaintiff's Motion to Strike on the ground that the motion was governed by the court's Order setting the deadline for opposition to summary judgment and was, therefore, untimely filed. The court will not strike the motion on that basis because the deadline for opposition to the Motion for Summary Judgment does not expressly apply to evidentiary motions filed with respect to summary judgment evidence.

injuries as a result of an accident arising out of and in the course of her employment. Welch was then allowed to file an Amended Verified ERISA Complaint.

The case was removed to this court on the basis of federal question subject matter jurisdiction over the ERISA claim. The court denied a subsequent Motion to Remand filed by Welch. Defendant Unum Life Insurance Company was added as a defendant and ultimately dismissed pursuant to a Joint Stipulation of Pro Tanto Dismissal with Prejudice.

In November, 2010, the court held a status conference with the parties. Pursuant to that conference, the parties filed a Joint Status Report of the Claims of the Parties. Based on that report, the court ordered that the Plaintiff file a Second Amended Complaint setting forth her claims. The Second Amended ERISA Complaint filed by Welch states that her breach of fiduciary duty claims in Counts I and II are brought pursuant to 29 U.S.C. § 1132(a)(2) for appropriate relief, and the claim in Count III is a 29 U.S.C. § 1132(c)(1) claim for statutory penalties.

Defendant Dollar General has moved for summary judgment as to all claims asserted against it, and Welch has moved for summary judgment on all of her claims against Dollar General.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion," relying on submissions "which it believes

demonstrate the absence of a genuine issue of material fact." *Id.* at 323.  Once the moving party has met its burden, the nonmoving party must "go beyond the pleadings" and show that there is a genuine issue for trial. *Id.* at 324.

Both the party "asserting that a fact cannot be," and a party asserting that a fact is genuinely disputed, must support their assertions by "citing to particular parts of materials in the record," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56 (c)(1)(A),(B).  Acceptable materials under Rule 56(c)(1)(A) include "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."

To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  On the other hand, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in its favor. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986).

After the nonmoving party has responded to the motion for summary judgment, the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).

### III. FACTS

The submissions of the parties establish the following facts, construed in a light most

favorable to the nonmovants:

Welch was an employee of Dollar Generaal.  During her employment she participated in benefits programs offered by her employer.  One of these plans was a Long Term Disability Plan.  The Long Term Disability Plan is covered by ERISA.  Unum Life Insurance Company of America ("Unum") was the insurance carrier for that plan and, according to Dollar General, was responsible for claims processing.

Welch was injured in April 2008.  She made a claim for workers' compensation benefits, which was ultimately denied in state court on April 16, 2009.

Welch has outlined the steps which she said she took to request long term disability benefits from Dollar General.  Welch states that she made a claim for the benefits in accordance with the instructions set forth in "Benefits Enrollment '07" which was issued to her by Dollar General and which she admits receiving.  She states that she made 5 phone calls during which she spoke with Dollar General employees about long term disability benefits.

The Dollar General phone log reflects that Welch first called about long term disability benefits on March 23, 2009.  Def. Ex. #6 to Welch Dep.  The "follow up" column on the log indicates that Welch

> could not claim LTD benefits for a work related injury.  That would all under w/c.
> Gave her the # and transferred her to Risk.

*Id.*  The next call, also on March 23, 2009, is noted under "issue" on the call log as follows:  "if she is out on w/c, LTD wouldn't pay. Her LTD termed last year." *Id.*  A third entry, also on March 23, 2009 is noted by the following entry:

> dr office calling.  Needs to help this ee file a LTD.  Gave them the
> number to unum, told her they'd be able to tell her what she was

>    eligible for and start the process for any of those leaves.

*Id.*  A fourth entry on March 24, 2009 states the following:

>    I stated that her benefits ended due to nonpayment and since her
>    leave is no longer approved then the disability is no longer
>    available for her to take.

*Id.*  Welch placed two additional calls on April 3, 2009.  Welch has provided a transcript of the two calls on April 3, 2009, one at 1:35 p.m. and one at 1:42 p.m.  It is apparently undisputed that Welch was represented by an attorney at this time, and that the assistant to her attorney was present during these phone calls.  During the first call, the following exchange occurred, in part, according to the transcript:

>    Janice Welch: Umm, I went to the doctor and I can't go back to work and I need
>    to know how do I apply for my long term disability.
>    Dollar General: Ok, you'll need to contact Unum.  Hang on just a second.  Ok.
>    Looks like the long-term disability terminated on October 31st last year.  Doesn't
>    look like you have that benefit.  How long have you been on leave of absence?

Def. Ex. #7 to Welch Dep.

During the second call, Welch inquired about disability benefits, and then workers' compensation benefits, and was transferred to Risk Management at Dollar General.  That employee told her that she was not supposed to talk to her because there was a lawsuit occurring and asked Welch to call her attorney.  Def. Ex. #16 to Welch Dep.

As noted above, Welch's workers' compensation claim was denied in state court on April 16, 2009.

On July 9, 2009, Dollar General received a letter from Welch's counsel, addressed to the attorney representing Welch in the workers' compensation case, which enclosed a motion for leave to file an amended complaint, asserting ERISA claims, and which requested that ERISA

5

documents be sent to the attorney for Welch. On July 16, 2009, Dollar General sent the attorney for Welch summary plan descriptions and other plan documents.

According to Welch, no benefits claim investigation was conducted by Dollar General and she never received a claim form from Dollar General. Welch also states that Dollar General never alerted Unum that Welch was attempting to make a claim for long term disability benefits.

Dollar General has presented evidence that Welch was mailed a copy of a Summary Plan Description which contained a Certificate of Coverage for the Long-Term Disability Program. This evidence is the subject of Welch's Motion to Strike. Dollar General points out that the Summary Plan Description states that Welch could make a claim for long term disability benefits directly to Unum. Dollar General contends that it breached no duties to Welch under the plain language of the Summary Plan Description, and that any delay in her receipt of long term disability benefits was a delay of her own making.

## IV. DISCUSSION

Because both parties have moved for summary judgment as to each claim, the court will address together the arguments by the parties with respect to each of the claims asserted in the Second Amended ERISA Complaint.

### A. Count I–Breach of Fiduciary Duty–Unreasonable Delay

Two primary issues are raised in Dollar General's summary judgment motion with respect to the first count of the Second Amended ERISA Complaint. The first issue is the availability of the relief pled by Welch, and the second issue goes to the merits of an alleged fiduciary duty breach.

#### 1. Availability of Relief

ERISA provides in relevant part as follows:

(a) Persons empowered to bring a civil action
A civil action may be brought--
(1) by a participant or beneficiary--
(A) for the relief provided for in subsection (c) of this section, or
(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;
(2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title;
(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan;

29 U.S.C. § 1132.  Section 1109 of ERISA is a provision relating to liability for breach of

fiduciary duty.

In her Second Amended ERISA Complaint, Welch seeks relief pursuant to 29 U.S.C. §

1132 (a)(2) for what she had identified as breaches of fiduciary duty.  Dollar General has moved

for summary judgment on the ground that relief sought under 28 U.S.C. § 1132 (a)(2) must be on

behalf of the plan as a whole.  *See Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134 (1985).

In response, Welch has cited the court to *Varity v. Howe*, 516 U.S. 489 (1996), in which

the Court determined that 29 U.S.C. § 1132(a)(3) is a catchall provision that allows for

individualized equitable relief.   Dollar General points out, however, that no claim has been pled

under § 1132(a)(3) in the Second Amended ERISA Complaint, and argues, therefore, that Welch

cannot proceed on such a theory.

The Eleventh Circuit has examined *Varity* in the context of a pleading issue.  *See

Hamilton v. Allen-Bradley Co., Inc.*, 244 F.3d 819, 826 (11th Cir. 2001).  In *Hamilton*, the

defendant also raised the argument that a plaintiff ought not be able to proceed on a claim under

7

the catch-all provision of § 1132(a)(3), because the plaintiff had not pled § 1132(a)(3) as a basis for relief. *Id.* The Eleventh Circuit explained that the Supreme Court's decision in *Varity* means that it is irrelevant under what heading a claim is pled, because if the remedy is outside of ERISA, the catch-all provision automatically applies. *Id*. at 826.

Dollar General seeks to distinguish *Hamilton* on the basis that the claim pled in that case was asserted under § 1132(a)(1), whereas Welch's claim was pled under § 1132(a)(2).[2] The *Varity* case upon which the *Hamilton* court relied, however, involved a breach of fiduciary duty claim. Dollar General also states that a breach of fiduciary duty claim exists under ERISA so that the catch-all does not apply, but in *Varity* the plaintiffs seeking relief could not proceed as individuals under (a)(2), so the court applied the catch-all. *Varity*, 516 U.S. at 515. Furthermore, the *Hamilton* court's reasoning was based on the unavailability of relief under ERISA generally, and was not limited to a particular section. *Id.* at 826. Therefore, the distinction in the pleading between *Hamilton* and this case does not convince the court that the *Hamilton* holding regarding pleading would not also apply in this case. Accordingly, Welch is not foreclosed by her pleading from proceeding under the catch-all provision as a remedy, should she prove a breach of fiduciary duty.

Finally, Dollar General has argued that there are no damages available to Welch because she has been awarded benefits, and her claim is moot. Welch responds that she seeks equitable relief for the delay in the payment of her benefits. She specifically requests payment of interest

---

[2] Dollar General also cites the court to *Cook v. Campbell*, No. 2:01cv1425-ID, 2008 WL 2039501, * 1 (M.D. Ala. May 12, 2008). In that case, however, the court concluded that the plaintiff's (a)(2) claims were actually claims for benefits, and were available relief. *Id.* at *4. The parties apparently also did not seek to rely on *Hamilton*, as there is no discussion of *Hamilton* in the opinion.

on the benefit payment or the amount of her long-term disability premium payments.[3] The court cannot conclude that Welch's claim for breach of fiduciary duty against Dollar General, which allegedly caused a delay in a payment of benefits by Unum, was mooted by payment of benefits by Unum.

### 2. Alleged Breach of Fiduciary Duty

Welch argues that she followed the benefits claim procedure that was provided to her, but that Dollar General breached its fiduciary duty to her, which caused a delay in the payment of benefits by Unum. Welch's primary authority for her claim is *Hamilton v. Allen-Bradley*, 244 F.3d 819 (11th Cir. 2001). Welch states that Dollar General, like the employer in *Hamilton*, took on a gate-keeping function in the administration of the long term disability claim.

In *Hamilton*, the Eleventh Circuit explained that factual circumstances surrounding the administration of the plan may demonstrate that an employer undertook fiduciary duties, even if they contradict the designation in a plan document. *Hamilton*, 244 F.3d at 824. In *Hamilton*, the plan booklet said that any claim must be made to Unum. *Id.* The human resources director in *Hamilton*, however, established that the employees were required to go through the human resources department to obtain an application for disability benefits. The employer also fielded questions about the plan from employees. The court identified two possible breaches of fiduciary duty, if the facts were resolved in the plaintiff's favor at trial: a refusal to forward a claim to the

---

[3] Whether the form of remedy Welch seeks is available is a question which need not be answered at this stage in the proceedings. The court notes, however, that in *Flint v. ABB, Inc.*, 337 F.3d 1326 (11th Cir. 2003), the Eleventh Circuit acknowledged that other circuits had allowed interest payments as equitable relief, but stated that most of those decisions came before the Supreme Court's decision in *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204 (2002). The court said that *Knudson*'s reading of equitable relief called those cases into question.

insurance company because the employer thought the employee had no claim, and a failure to disclose information. *Id.*

In this case, Welch points out that no insurance company name appears on the "Benefits Enrollment '07," form which she admits she received. She said there is an 877 benefit service number in that document which she understood to be the number she should call if she had a claim. Welch contends that she never received any other documents, including a certificate of coverage from Unum.

Welch also points to the log of five calls between herself and Dollar General, described above, and notes particularly that the call log reflects that Welch inquired about long term disability benefits.   Def. Ex. #6 to Welch Dep. She also points to evidence from the call log that Dollar General employees made determinations about her eligibility for long term benefits and informed her of those decisions over the phone. *Id.* Welch further states that no follow-up investigation was done of her claim, that her claim was not forwarded by Dollar General to Unum, and that she never received a claim form from Dollar General.

Dollar General does not contest that it is an ERISA fiduciary, but contends that it delegated its claims administration role to Unum for long term disability benefits, and breached no duty to Welch through the claims process. Dollar General states that Welch never made a claim for long term disability benefits with Dollar General and that no determination of any claim was ever made by Dollar General. Dollar General distinguishes *Hamilton* on the basis that Dollar General did not require employees to go through its human resources department to file a long term disability claim.

Dollar General relies on several documents in support of its position, including the

enrollment booklet, "Benefits Enrollment '07," which is relied on by Welch.  Doc. #93, Ex. #2.

Dollar General points to language in the enrollment booklet which states that the Dollar General

Benefit Program is summarized briefly in the employee booklet and that "details and limitations

are contained in the Summary Plan Description."  *Id.* at p.20.  Dollar General also points out that

the only reference to long term disability benefits in "Benefits Enrollment '07," states that

coverage will be effective on the date approved by "insurance carrier."  *Id.* at p.16.

Dollar General also points to Welch's deposition testimony, and evidence from the call

log, that on April 3, 2009, Dollar General told the Plaintiff that she needed to contact Unum to

file a long term disability claim.

Dollar General has also provided to the court Unum's Summary Plan Description

("SPD") upon which it relies.   The SPD provides in relevant part as follows:

> We encourage you to notify us of your claim as soon as possible, so that a claim
> decision can be made in a timely manner.  Written notice of a claim should be
> sent within 30 days after the date your disability begins.  However, you must send
> Unum written proof of your claim no later than 90 days after your elimination
> period. . . .
> The claim form is available from your Employer, or you can request a claim form
> from us. If you do not receive the form from Unum within 15 days of your
> request, send Unum written proof of claim without waiting for the form.

Def. Ex. N. p. 834-835; 871-872.

Dollar General has provided evidence in the form of an affidavit by Michelle Latham

("Latham"), a Dollar General employee, which is the subject to a motion to strike, in which

Latham states that the third-party print/fulfillment vendor "MetroGroup has confirmed that it

provided Ms. Welch with a copy of the Summary Plan Description packet, complete with a

Certificate of Coverage, for the Long-Term Disability Program."  Latham Aff. at ¶ 12.  Dollar

General agues that based on Latham's testimony, the mailbox rule applies, creating a rebuttable presumption of mailing. Dollar General cites *Custer v. Murphy Oil USA*, 503 F.3d 415, 491 (5th Cir. 2007), which addressed the application of the mailbox rule in the ERISA context. Dollar General further argues, based on *Custer*, that Welch's mere assertion of non-receipt is not sufficient to create a question of fact to rebut that presumption. Therefore, Dollar General argues, Welch had in her possession the SPD which informed her that she did not have to make her long term disability claim through Dollar General.

      The Fifth Circuit has subsequently analyzed its *Custer* opinion and restated the rule as follows:

> [b]ecause th[e] mailbox rule functions merely to create a presumption of receipt, it only comes into play when there is a material question as to whether a document was actually received. A threshold question for the application of the mailbox rule is whether there is sufficient evidence that the letter was actually mailed.
> * * *
> On the other hand, "[e]vidence of non-receipt can be used to establish that the notice was never mailed."

*Duron v. Alberton's, LLC*, 560 F.3d 288, 290-91 (5th Cir. 2009)(citations omitted).

      Welch does not dispute that the mailbox rule could apply in an ERISA case. Welch contends instead that Latham's testimony as to the information which was mailed to Welch is inadmissible hearsay, and moves to strike that portion of Latham's affidavit on that basis.

      In response to the Motion to Strike, Dollar General has stated that it has designated a witness for trial who will testify on behalf of the third-party vendor that the information was mailed to Welch, so that the court should consider Latham's statements. Because the testimony will be reduced to admissible form at trial, the court can consider the evidence in ruling on the Motion for Summary Judgment, and the Motion to Strike is due to be DENIED as to that aspect

of Latham's affidavit.[4]  *See Macuba v. Deboer*, 193 F.3d 1316, 1322-24 (11th Cir. 1999).  The court will, therefore, consider Latham's statement as to MetroGroup's confirmation that it provided the SPD packet.

Welch has denied that she had an SPD.  While Dollar General is correct that under *Custer* mere denial of receipt is not sufficient to rebut the presumption of mailing once it has been properly raised, the court cannot conclude that the presumption has been properly raised at this point in the proceedings.  Instead, the court has an affidavit, which must be reduced to admissible form at trial, to the effect that MetroGroup provided Welch the SPD.  That affidavit does not contain any details as to the circumstances of the mailing.[5]  Dollar General has also presented the affidavit of Jamison Blair, also a Dollar General employee, to the effect that Welch's information was submitted to MetroGroup.  That affidavit, and the exhibits attached, however, do not speak to the circumstances of any mailings to Welch.  Therefore, the limited evidence of mailing by Dollar General, which must be reduced to admissible form at trial, is not sufficient to raise the rebuttable presumption.  Instead, that evidence, combined with Welch's denial of receipt, merely creates a question of fact for trial.  *See Custer*, 503 F.3d at 422.

If the evidence at trial establishes that Welch received the SPD, then this case would be

---

[4] The court has not considered the other aspect of the affidavit which Welch moves to strike, so the Motion to Strike is due to be DENIED as moot as to that portion of Latham's affidavit.

[5] *Custer* does not set out specific elements required to raise the presumption, but does cite to other sources addressing the common law mailbox rule, including *Rosenthal v. Walker*, 111 U.S. 185, 193 (1884), which require proof that a letter is "properly directed" and "either put into the post-office or delivered to the postman."  *See also Brown v. Commonwealth Life Ins. Co.*, 22 F. Supp. 2d 1325 (M.D. Ala. 1998) (requiring proof that the letter was properly addressed, had sufficient postage, and was deposited in the mail).

distinguishable from *Hamilton* in many relevant respects. If receipt of the SPD is not proven, however, then there are facts, including, but not limited to, the telephone discussions between Welch and Dollar General employees, which may bring the facts of this case within the breach of fiduciary duties discussed in *Hamilton*. The disputed fact issues, therefore, must be resolved at trial, and both motions for summary judgment are due to be DENIED as to this breach of fiduciary duty claim.

### B. Count II–Breach of Fiduciary Duty–Failure to Investigate

Welch also seeks relief pursuant to 29 U.S.C. § 1132 (a)(2) for a failure to investigate on behalf of Dollar General. At the pre-trial hearing held in this case, the attorney for Welch conceded that this theory of a breach of fiduciary duty is part of an overall breach of fiduciary duty claim. The court has considered the evidence of Dollar General's alleged failure to investigate in determining that there are questions of fact which preclude summary judgment on an overall breach of fiduciary duty claim. Rather than proceed on different theories of a breach of fiduciary duty, therefore, the court determines that summary judgment is due to be GRANTED as to Dollar General on a separate failure to investigate claim. The court construes Count I of the Second Amended ERISA Complaint to include all fiduciary duty breach theories and supporting evidence.

### C. Count III–Failure to Provide Documents

Welch's final claim is a claim for statutory penalties based on a failure to provide documents, and is brought pursuant to 29 U.S.C. § 1132(c)(1). That statutory section provides for a penalty per day when a plan administrator fails to provide specified information. Welch states that she made five oral requests and two written requests for the Long Term Disability

benefits claim form, but Dollar General has never provided her with a Unum claim form.

Dollar General points out that 29 U.S.C. § 1024(b)(4) contains a list of documents which administrators must provide, and that the list does not include a claim form. Dollar General also cites to *Hamilton v. Allen-Bradley Co.*, 244 F.3d 819 (11th Cir. 2001), in which the Eleventh Circuit stated that claim forms do not fall within the category of documents covered by § 1024(b)(4). *Id.* (citing *Allinder v. Inter-City Products Corp.*, 152 F.3d 544, 548-50 (6th Cir. 1998) (stating "the applicable statutory language, legislative history, and case law demonstrate that claim forms are not among the materials covered by § 1132(c) . . .")). Welch argues for an extension of the statute based on the parties' course of conduct in this case. Based on binding precedent in *Hamilton*, and "[b]ecause Congress has not explicitly provided a statutory penalty for a plan administrator's failure to provide a claims form, the court declines to extend the statute to allow Plaintiff's ERISA claim for a statutory penalty to proceed." *McNutt v. J.A. Jones Const. Co.*, 33 F. Supp. 2d 1375, 1382 (S.D. Ga. 1998). Accordingly, Dollar General's Motion for Summary Judgment is due to be GRANTED as to the 29 U.S.C. § 1132(c)(1) statutory penalty claim, and Welch's Motion is due to be DENIED as this claim.

## V. CONCLUSION

For the reasons discussed, it is hereby ORDERED as follows:

1. The Defendant's Motion to Strike (Doc. #116) is DENIED.

2. The Plaintiff's Motion to Strike (Doc. #107) is DENIED in part and DENIED in part as moot, consistent with the above Memorandum Opinion.

3. The Plaintiff's Motion for Summary Judgment (Doc. #93, #109) is DENIED.

4.  The Defendant's Motion for Summary Judgment (Doc. #94) is GRANTED and judgment is entered in favor of Dolgencorp, LLC and against Janice Welch on the statutory penalty claim in Count III and the separately-stated breach of fiduciary duty claim in Count II of the Second Amended ERISA Complaint (Doc. #75).

5.  The Defendant's Motion for Summary Judgment is DENIED as to Count I of the Second Amended ERISA Complaint, which has been construed to include all theories of breach of fiduciary duty included in the Second Amended ERISA Complaint.

The case will proceed to trial on the Plaintiff's breach of fiduciary duty claim.

Done this 25th day of March, 2011.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE